# SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

## January 18, 1918.

## THE PEOPLE v. BRIDGET PARIS.

(181 App. Div. 499.)

CONSTITUTIONAL LAW—STATUTE AUTHORIZING ESTABLISHMENT OF POLICE DISTRICTS AND ELECTION OF POLICE JUSTICES WITHIN TOWNS.

Chapter 583 of the Laws of 1909, as amended by chapter 294 of the Laws of 1910, being an act to authorize the several towns in the county of Suffolk to establish police districts outside the limits of any incorporated village therein, and to elect within such districts by ballot one police justice, three commissioners and to provide for police patrolmen within said districts, is unconstitutional.

A town or village may be divided for police protection but not for a separate court, since such portion cannot be thus dissevered from the rest of a municipality for judicial purposes.

APPEAL by the plaintiff, The People of the State of New York, from an order of the County Court of Suffolk county, entered in the office of the clerk of said county on the 11th day of September, 1917, reversing a judgment of the police justice in the town of East Hampton, L. I., rendered August 1, 1917, convicting the defendant of a misdemeanor.

The learned County Court held unconstitutional "An act to authorize the several towns in the county of Suffolk to establish police districts outside the limits of any incorporated village therein, and to elect within such districts by ballot one police justice, three commissioners, and to provide for police patrolmen within said districts." (Laws of 1909, chap. 583, as amd. by Laws of 1910, chap. 294.) The town board of East Hampton, under this statute, upon petition of not less than twenty-five of the taxable inhabitants of said district, gave notice of an election of such district (under section 3), which resulted in the

vote to establish such a district within said town, which district in area was less than that of the whole town. There was no incorporated village in the town of East Hampton. By section 7 of the act " The police justice as provided for in this act shall be elected by the qualified voters in said district for the term of three years." By section 14 such justice " shall have the same powers conferred upon police justices within incorporated villages."

*Samuel Seabury (Ralph G. Greene, District Attorney; John deR. Storey and Raymond Smith* with him on the brief), for the appellant.

*Percy L. Housel,* for the respondent.

PUTNAM, J.:

The magistrate claiming here to try and convict this defendant was the police justice of a police district in the town of East Hampton, L. I. Such justice has acted in this part of East Hampton without question for several years. If his jurisdiction be confined to the police district in which he was chosen it was unconstitutional. A town or village might be divided for police protection, but not for a separate court, since such portion cannot be thus dissevered from the rest of the municipality for judicial purposes. (People ex rel. Townsend v. Porter, 90 N. Y. 68.) If in order to sustain this Police Court jurisdiction we regard it as running beyond the confines of the police district and extending throughout all of East Hampton, then the principles of self-government have been violated. A fraction of the town would be erecting a local court over the rest of the inhabitants, who, having local justices of the peace provided by the Constitution (Art. 6, § 17), neither by direct vote nor by delegated power have ever consented to such additional tribunal.

The order of the County Court of Suffolk county reversing

defendant's conviction for a misdemeanor before the acting police magistrate is, therefore, affirmed.

JENKS, P. J., THOMAS, MILLS and RICH, JJ., concurred.

Order of the County Court of Suffolk county reversing defendant's conviction for a misdemeanor before the acting police magistrate affirmed.